USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/6/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROSSE MAE BALDE and ABOUBACAR BALDE,

                         Plaintiffs,

-v-

KRISTJEN NIELSEN and THOMAS CIOPPA,

                         Defendants.

18 Civ. 9597 (PAE)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

Plaintiffs Rosse Mae Balde and Aboubacar Balde are husband and wife and bring this action for a writ of mandamus against the Secretary of the Department of Homeland Security ("DHS") and the New York District Director of United States Customs and Immigration Services ("USCIS") (collectively "the Government"). Rosse Mae Balde, a U.S. citizen, filed an I-130, Immigration Petition for Alien Relative ("I-130 petition"), on behalf of her husband Aboubacar. The Complaint seeks to compel the Government to adjudicate plaintiffs' I-130 petition.

On January 16, 2019, three weeks after this case was brought, the Government approved the I-130 petition. Having adjudicated the I-130 petition, the Government now moves to dismiss the Complaint both for lack of subject matter jurisdiction on the grounds that the relief it seeks is moot and for failure to state a claim because the Complaint does not assert a claim that can support a stay of Mr. Balde's removal. Plaintiffs do not dispute that the request for a writ of mandamus is moot. Plaintiffs now ask, however, that the motion to stay his removal remain open, pending adjudication of an application for adjustment of status that Mr. Balde intends to

submit if his I-130 petition is approved. This relief, however, is untethered to any claim asserted in the Complaint.

For the following reasons, the Court agrees with the Government and dismisses this case.

I.  **Background**

  A.  **Facts**[1]

Mrs. Balde is a citizen of the United States. On November 18, 2016, she married Mr. Balde, a citizen of Guinea. Compl. ¶¶ 7, 9. Mr. Balde first arrived in the United States on or about September 19, 2000. *Id.* ¶ 9. On March 1, 2005, he filed for asylum with USCIS. An Immigration Judge denied his application, an order from which Mr. Balde appealed. *Id.* On May 31, 2007, the Board of Immigration Appeals dismissed Mr. Balde's appeal. *Id.*

Since May 11, 2012, Mr. Balde has been subject to an Order of Supervision issued by DHS. *Id.* ¶ 10. Under the terms of the order, Mr. Balde has to attend regular appointments with agents of U.S. Immigration and Customs Enforcement ("ICE"). Mr. Balde has attended all required appointments. *Id.*

Mr. Balde alleges that at one prior appointment, an ICE Agent notified him that "unless he submits an order staying his removal or a green card, on October 25, 2018, his next supervision appointment, he would be taken into custody and removed to his native country of Guinea." *Id.*

Mrs. Balde filed an I-130 petition with the USCIS New York District Office and received

---

[1] The Court draws these facts principally from the Complaint. Dkt. 4 ("Compl."). *See DiFolco v. MSNBC Cable LLC*, 622 F.3d 104, 111 (2d Cir. 2010) ("In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint."). For purposes of a motion to dismiss under Rule 12(b)(6), the Court accepts all factual allegations in the Complaint as true, drawing all reasonable inferences in Balde's favor. *See Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012).

a notice from USCIS indicating that she was on the interview list. At the time of filing this action, USCIS had not adjudicated Mrs. Balde's I-130 petition. *Id.* ¶ 11. Plaintiffs argue that Mr. Balde's removal would cause him and his family to suffer irreparable harm. *Id.* ¶ 13. Because the approval of the I-130 petition would entitle Mr. Balde to apply for adjustment of status as a permanent resident, plaintiffs commenced this action seeking an order compelling the Government to adjudicate the I-130 petition.

### B. Procedural History

On October 22, 2018, plaintiffs filed their Complaint for a writ of mandamus against the Secretary of the DHS and the New York District Director of USCIS. Dkt. 4. On the same date, plaintiffs also filed a motion to stay Mr. Balde's removal pending USCIS's adjudication of his I-130 petition. Dkt. 3.

On October 23, 2018, the Court issued an order, pursuant to 28 U.S.C. § 2243, directing defendants to file a response showing cause why the writ of mandamus should not be granted or that Mr. Balde's deportation should not be stayed until the Court resolved this action. Dkt. 6. Defendants were served with a copy of this order on the same day. *See* Dkt. 7.

On October 24, 2018, the Court issued an order reserving judgment on plaintiffs' mandamus petition and request for a stay of removal. Dkt. 10. In addition, the Court directed the Government to give the Court "at least one week's written notice before any potential removal of Mr. Balde, to enable the parties to meaningfully brief the issues then presented and to enable plaintiffs, as warranted, to amend the factual basis for their petition." *Id.*

On January 16, 2019, DHS approved the I-130 petition. Dkt. 15 ("Sorrentino Decl.") ¶ 3. Mr. Balde was scheduled to appear before an ICE Agent on April 23, 2019. *Id.* ¶ 4. Christopher Smith, a supervisory detention and deportation officer at ICE, has filed an affidavit stating that

3

ICE had no intention of deporting Mr. Balde before the April 23 meeting. Dkt. 14 ¶ 3.

On March 18, 2019, the Government filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), Dkt. 12, a supporting memorandum of law, Dkt. 13 ("Def. Mem."), and a supporting declaration of Christopher Smith, Dkt. 14. On March 29, 2019, plaintiffs' counsel filed an affirmation in response that: (1) conceded that the request for a writ of mandamus was moot, but (2) requested that the Court allow this action to remain open until after Mr. Balde's April 23, 2019 appointment date. Dkt. 15.

## II. Defendants' Rule 12(b)(1) Motion

### A. Applicable Legal Standards

A court properly dismisses a claim for lack of subject matter jurisdiction under Rule 12(b)(1) when it "lacks the statutory or constitutional power to adjudicate it, such as when . . . the plaintiff lacks constitutional standing to bring the action." *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.A.R.L.*, 790 F.3d 411, 416–17 (2d Cir. 2015) (citations and quotation marks omitted). "[T]he 'irreducible constitutional minimum' of standing" requires that the plaintiff have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)).

"The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing" each element of constitutional standing. *Id.* (citations omitted). Because "the elements of Article III standing are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element must be supported . . . with the manner and degree of evidence required at the successive stages of the litigation." *Carter v. HealthPort Techs., LLC*, 822 F.3d

47, 56 (2d Cir. 2016) (citations omitted). "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presume that general allegations embrace those specific facts that are necessary to support the claim." *Lujan*, 504 U.S. at 561 (internal quotations, alterations, and citations omitted).

"A Rule 12(b)(1) motion challenging subject matter jurisdiction may be either facial or fact-based." *Id.* Such a motion is facial when it is "based solely on the allegations of the complaint or the complaint and exhibits attached to it." *Id.* In such cases, at the pleading stage, "the plaintiff has no evidentiary burden," *id.*, and the court accepts as true "all material allegations of the complaint and construe[s] the complaint in favor of the complaining party." *Cortlandt Street*, 790 F.3d at 417 (citations, quotation marks, and alterations omitted). The motion here is factual.[2]

The Second Circuit has explained that a dismissal for lack of Article III standing "is one for lack of subject matter jurisdiction, and without jurisdiction, the district court lacks the power to adjudicate the merits of the case." *Carter*, 822 F.3d at 54–55. Accordingly, "the dismissal must be without prejudice, rather than with prejudice." *Id.* at 54.

---

[2] A 12(b)(1) motion for lack of subject matter jurisdiction is fact-based when the defendant "proffer[s] evidence beyond the Pleading." *Carter*, 822 F.3d at 57. "[A]lthough a district court may consider evidence outside the pleadings on a defendant's motion to dismiss for lack of subject matter jurisdiction, that extrinsic evidence must pertain to jurisdictional facts." *Azeez v. Ramaiah*, No. 14 Civ. 5623 (PAE), 2015 WL 1637871, at *2 (S.D.N.Y. Apr. 9, 2015) (internal quotation marks and citations omitted); *see also Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014) ("[W]here jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits." (quotation marks and citations omitted)). In opposition to a fact-based 12(b)(1) motion, the plaintiff "has the burden of proving by a preponderance of the evidence that [subject matter jurisdiction] exists." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

B.  **Discussion**

The Government argues, under Rule 12(b)(1), that the Complaint must be dismissed because it no longer states a live case or controversy. The Government argues that once USCIS adjudicated his I-130 petition, the Baldes' mandamus action became moot. Def. Mem. at 7.

Plaintiffs acknowledge that USCIS approved the I-130 petition on January 16, 2019. Sorrentino Decl. ¶ 3. Plaintiffs therefore do not have "an actual injury which is likely to be redressed by a favorable judicial decision." *United States v. Blackburn*, 461 F.3d 259, 261 (2d Cir. 2006). Because the sole issue in this case—compelling the adjudication of the I-130 petition—is moot, the Court lacks subject matter jurisdiction over this action. Accordingly, the Court grants the Government's 12(b)(1) motion to dismiss.

Having found that the Court lacks subject matter jurisdiction over this case, the Court has no occasion to resolve the Government's 12(b)(6) motion and to opine on whether the request for a stay of removal states a valid claim.

## CONCLUSION

The Court hereby grants the Government's motion and dismisses the complaint. The dismissal is without prejudice to plaintiffs' right to file a separate action seeking relief beyond the limited relief sought in the Complaint, to wit, adjudication of Balde's I-130 petition. The Court respectfully requests that the Clerk of Court terminate the motion pending at Dkt. 12 and close this case.

SO ORDERED.

*Paul A. Engelmayer*

PAUL A. ENGELMAYER
United States District Judge

Dated: June 6, 2019
New York, New York